IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BRUCE MENSER and**
**SANDRA MENSER, Husband and Wife**                                    **PLAINTIFFS**

**v.**                    **Case No.  4:15-cv-00136 KGB**

**FCA US LLC, f/k/a CHRYSLER GROUP,**
**LLC, SUCCESSOR-IN-INTEREST TO**
**CHRYSLER MOTORS, LLC**                                                **DEFENDANT**

## AGREED PROTECTIVE ORDER

Before the Court is the parties' agreed motion for protective order (Dkt. No. 20).  For good cause shown, the Court grants the parties' agreed motion for protective order.  The parties have agreed to the entry of a Protective Order as follows:

Upon joint motion of the parties, the Court orders that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests:

1.   The Court shall govern the handling, disclosure, and disposition of all documents and information, depositions, interrogatory answers, and admissions responses between the parties in this action (hereinafter referred to as the "Discovery Material").

2.   The parties may designate by written notice, either incorporated in the matter disclosed or separately, any Discovery Material as "Confidential" if it believes that such material contains or reflects its trade secrets and/or other confidential or proprietary information.  All documents and information as they are reviewed for inspection or copying are subject to confidentiality under the terms of this Order, and the designation and marking of any documents and information as "Confidential" may be done by the parties as part of the photocopying process.   The parties may designate information disclosed in depositions as

"Confidential" by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order. The parties may also designate information disclosed in depositions as "Confidential" by notifying the other parties in writing within ninety (90) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential." All deposition transcripts shall be treated as "Confidential" from the time taken until ninety (90) days after receipt of the transcript.

3. Discovery Material designated as "Confidential" may be used only for purposes of preparing for and conducting pretrial and trial proceedings in this action. "Confidential" Discovery Material, and information derived therefrom, shall be shown only to the parties and their counsel of record in this action and may be disclosed by such counsel only to the following persons:

   a. Counsel for plaintiffs and defendant, employees or independent contractors of such counsel, and experts or consultants working with such counsel, as are required to assist in the preparation or conduct of this action; provided that, before being shown any "Confidential" Discovery Material, such persons shall be given a copy of this Order.

   b. Officers, employees, agents, or representatives of the parties who are actually engaged in preparing for or conducting pretrial or trial proceedings in this action, but only to the extent necessary to do so; provided that, before being shown any "Confidential" Discovery Material, such persons shall be given a copy of this Order.

   c. Persons whose depositions are being taken or who are witnesses at any hearing or trial conducted by the Court in this action; provided that, before being shown any

    "Confidential" Discovery Material, such persons shall be given a copy of this Order and advised that they are bound by it.

  d. This Court or any other court before which this action is pending, including any Court personnel, jurors, and all other persons lawfully present in the Court proceeding.

4. Any person having access to the "Confidential" Discovery Material shall be prohibited from disclosing any such information to any other person except as provided herein, and each such person shall take appropriate measure to safeguard the confidentiality of the "Confidential" Discovery Material to prevent the willful or inadvertent disclosure thereof and to assure that the provisions of this Order are accomplished.

5. In the event that any "Confidential" Discovery Material is disclosed in any pleading, motion, transcript, videotape, exhibit, photograph, or other material filed with the Court, the "Confidential" Discovery Material shall be filed consistent with that Court's rules for sealing documents and kept under seal by the Clerk of that Court until further Court order. The "Confidential" Discovery Material shall, however, remain available to personnel authorized by that Court and to authorized persons. When practicable, however, only the "Confidential" portion of the Discovery Material filed with the Court will be filed under seal. If any record containing "Confidential" Discovery Material is furnished to any Court, a duplicate copy with the discrete "Confidential" Discovery Material deleted may be substituted in the public record, if appropriate.

6. The parties are authorized to redact from any "Confidential" Discovery Material all identifying and private information regarding non-parties to the litigation.

7.	Nothing in this Order shall prevent or prohibit the parties from seeking additional protection as may be deemed necessary for protection of "Confidential" Discovery Material in this section.

8.	This Order is without prejudice to the parties' right to bring before the Court at any time other objections to the production of any Discovery Material.

9.	The terms of this Order do not preclude FCA US from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration (NHTSA), either voluntarily or in connection with FCA US's obligations under the National Traffic and Motor Vehicle Safety Act of 1966, 49 U.S.C. § 30101, *et. seq*.

IT IS SO ORDERED this 15th day of October, 2015.

*/s/ Kristine G. Baker*
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE